Nat Shapo (*Pro Hac Vice Forthcoming*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone:  312.902.5200
Facsimile:   312.902.1061
Email:       nat.shapo@kattenlaw.com

Xitlaly Estrada (SBN 333403)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471
Email:       xitlaly.estrada@katten.com

Attorneys for Plaintiff Gabriella R. Goldner, trustee of the Gabriella R. Goldner Trust Created Under Rose Kasirer Insurance Trust DTD 9-30-05

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION (Los Angeles)

| | |
|---|---|
| Gabriella R. Goldner, trustee of the Gabriella R. Goldner Trust Created Under Rose Kasirer Insurance Trust DTD 9-30-05,<br><br>        Plaintiff,<br><br>    vs.<br><br>The Lincoln National Life Insurance Company, DOES 1-50,<br><br>        Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) Breach of Contract**<br>**(2) Breach of the Implied Duty of Good Faith and Fair Dealing** |

Plaintiff Gabriella Goldner, as trustee of the Gabriella R. Goldner Trust created under Rose Kasirer Insurance Trust DTD 9-30-05, alleges as follows:

## NATURE OF THE CASE

1.  This action arises out of the conduct of Defendant The Lincoln National Life Insurance Company ("Lincoln") when it improperly terminated life insurance

1

151789753

1 policies Nos. xxx8958 and xxx8959 ("Policies"), issued on the life of Rose Kasirer, thus violating the statutory rights granted by Cal. Ins. Code § 10113.71 (the "Statute") of irrevocable beneficiary and now plaintiff Gabriella R. Goldner, as trustee of the Gabriella R. Goldner Trust created under Rose Kasirer Insurance Trust DTD 9-30-05 ("Plaintiff").  Though required under the Statute, Lincoln failed to properly notify Plaintiff of the pending lapses of the Policies.  Lincoln then improperly terminated the Policies and claims to this day, illegally, that they were not in force when the insured died.

2. As a result of its failure to properly give Plaintiff notice under the Statute and decision to withhold the death benefit to which Plaintiff was entitled, Lincoln has inflicted damages on Plaintiff in excess of $75,000.  This suit seeks to hold Lincoln to account for its actions and to protect Plaintiff from further injury.

## THE PARTIES

3. Plaintiff Gabriella R. Goldner is the trustee of the Gabriella R. Goldner Trust created under Rose Kasirer Insurance Trust DTD 9-30-05 ("Trust").  She is a natural person domiciled in Los Angeles, California.  As trustee of the Trust designated as the irrevocable beneficiary, she has standing to bring this suit.

4. Defendant The Lincoln National Life Insurance Company is a subsidiary of Lincoln National Corporation with its principal place of business in Fort Wayne, Indiana.

## JURISDICTION AND VENUE

5. This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Lincoln, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district (i) pursuant to 28 U.S.C. § 1391(a)(1) because Plaintiff resides in this district pursuant to 28 U.S.C. § 1391(c), and (ii) pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

151789753

# GENERAL ALLEGATIONS

## A. Background Facts: Overview

7.  This case involves two Lincoln life insurance policies issued in 2005 to the Rose Kasirer Insurance Trust DTD 9-30-05 insuring the life of Rose Kasirer ("Master Trust") with ownership subsequently changed to the Trust created under the Master Trust.  Both policies were valid and in effect at the time of the insured's death on May 12, 2021. However, after Mrs. Kasirer's death, Lincoln failed to distribute any of the benefits under the Policies.  This resulted in substantial losses to the Trust, which should have collected millions in death benefits for its beneficiaries—Mrs. Kasirer's daughter, trustee Gabriella Goldner, and her family.

## B. The Policies Are Created And Funded

8.  On or around September 20, 2005, Lincoln issued two $5 million universal life insurance policies, Nos. xxx8958 and xxx8959 ("the Policies"), to the Master Trust as owner.  Around 2007, the Master Trust transferred ownership of the Policies to the Trust, whose trustee was Gabriella Goldner, Mrs. Kasirer's daughter ("Trustee").  (True and correct copies of the Policies, redacted so as not to reveal personal identifying information regarding the Insured, are attached hereto as Exhibits A and B and are incorporated by reference.)  The Policies' beneficiaries were the Trust.

9.  The Kasirer and Goldner families funded the substantial premiums necessary to keep the Policies in force for almost nine years.  These annual premiums were in excess of $400,000 annually.

## C. Plaintiff Sells The Policies And Becomes Irrevocable Beneficiary

10.  In or around 2014, Plaintiff decided that the premium load was too substantial to fit into the current circumstances of her family's generational wealth planning, which the Trust was created to support, and that a life settlement involving the sale of the ownership of the Policies was the best financial choice.  The Trust sold ownership of the Policies through a licensed life settlement provider, in exchange for

151789753

the Trust being designated as irrevocable beneficiary of each policy for 58.4% of total death benefits. Thus, the new owner would pay the premiums moving forward and the Trust obtained a vested right in the Policies, superior to that of a normal beneficiary, through which it would receive the majority of the death benefits.

11. Lincoln recognized both the change of ownership and the designation of the Trust as 58.4% irrevocable beneficiary of the Policies in letters from Lincoln addressed to the Trust concerning both Policies. (*See* Ex. C.)

12. Lincoln memorialized Plaintiff's status as irrevocable beneficiary in the Policies by attaching the change of beneficiary forms, which designated Plaintiff as irrevocable beneficiary, to the Policies as part of the contracts. (*See* Exs. A & B, Beneficiary Change for Life Policy at p. 33.)

**D. Lincoln's Termination Of And Refusal To Honor The Policies**

13. After the Policy Transfer was completed and ownership changed, the new owner Keren Brocha Inc. ("Owner") made subsequent premium payments to keep the Policies in force until 2020. During 2020, Lincoln sent purported notices of pending lapse on both Policies to Keren Brocha as Owner, followed by notices asserting that the Policies had lapsed and been terminated by Lincoln.

14. The insured, Mrs. Kasirer, died on May 12, 2021.

15. Since late 2020, the current Owner has been protesting Lincoln's termination of the Policies, asserting that the notices of pending lapse sent to the Owner were legally deficient. In response, Lincoln has refused to accept premium payments, acknowledge the Policies as in force, or to pay out the death benefits under the Policies "upon the death of the insured, while the policy is still in force," (Exs. A & B, Payment of Proceeds at p. 21.)

16. Regardless of the merits of the disagreement between Lincoln and the Owner of the Policies as to whether the notices of pending lapse sent to the Owner complied with the Statute, Lincoln failed to mail, *to Plaintiff, at any time, any notice* on either of the Policies of pending lapse and termination. Plaintiff's status as

4

irrevocable beneficiary created a vested interest in the Policies as a well-established matter of law.  *See, e.g., Gonsalves v. Sunset Life Ins. Co.*, 215 F.3d 1333 (9th Cir. 2000); *In re Marriage of O'Connell*, 8 Cal.App.4th 565 (1992); *Phoenix Mut. Life Ins. Co. v. Birkelund*, 175 P.2d 5 (Cal. 1946).[1]  Lincoln officially memorialized Plaintiff's irrevocable beneficiary status multiple times.  This made Plaintiff, under the Statute, an "assignee or other person having an interest in the individual life insurance policy,"[2] entitled to the mailed notice of pending lapse or termination required by the Statute.[3]  Lincoln's failure to provide such notice to Plaintiff violated this important consumer protection law and deprived Plaintiff of the statutorily required opportunity upon proper notice to cure the purported premium deficiencies.

17. These Policies were set up for Mrs. Kasirer's family to ensure she would be able to continue building generational wealth for her descendants. Had Lincoln informed Plaintiff of the pending lapses, as required under the Statute, Plaintiff would have ensured that the outstanding premiums were paid to avoid either of the Policies from lapsing.

18. Since Lincoln failed to provide Plaintiff with any notice of pending lapse, as required under the Statute, Lincoln's purported terminations of the Policies were not effective; thus, the Policies were in force and subject to its contractual death

---

[1] Recognizing an irrevocable beneficiary's legal status as one who has achieved a vested interest in the life insurance policy, Lincoln's change of ownership forms for the Policies in 2014 required the consent of any irrevocable beneficiaries as well as assignees before Lincoln would allow a change of ownership. *see* Exs. A & B, Beneficiary Change for Life Policy at p. 29.

[2] Irrevocable beneficiaries are recognized throughout insurance law as having "interest in" life policies. *see, e.g.*, Cal. Ins. Code § 10164.2(b)(4) (authorizing insurers to require for policy surrenders "the signature of the owner…a collateral assignee, irrevocable beneficiary, or other person having an interest in the policy").

[3] All of the Lincoln forms found online, on Jan. 29, 2022, that effect a change in a Lincoln life policy—whether highly consequential or purely ministerial, including "Ownership Change—Life Insurance Policies"; "Life Address Change Form"; "Lost Policy Agreement—Life Insurance Policies"; "Contract Change Request Form"; "Life Dividend Form"; "Policy/Certificate Loan Agreement"; "Telephone and Internet Transfer Authorization Form for Variable and Indexed UL"; "Request for Partial Surrender/Withdrawal"; "Reinstatement or Change Application for Life Insurance"; "Request for Systematic Disbursements"—treat assignees and irrevocable beneficiaries as of equivalent status for the purpose of affecting a change to a life policy, by including a line for the signature of "Assignee/Irrevocable Beneficiary," usually above a line for the printed name of "Assignee/Irrevocable Beneficiary," meaning that Lincoln's formal practices recognize the truism that an irrevocable beneficiary is an "assignee or other person having an interest in the individual life insurance policy,"

benefits provisions when Mrs. Rose Kasirer, the insured, passed away on May 12, 2021.

19. Despite being in effect at the time Mrs. Rose Kasirer passed, Lincoln has failed to pay out the death benefits Plaintiff is legally entitled to as the irrevocable beneficiary of the Policies. To date, Lincoln continues to take the position, contrary to the Statute, and binding legal precedent, that the Policies lapsed and were properly terminated, thus refusing any claims from the Plaintiff. In refusing to pay the Policies' benefits out, Lincoln has left Plaintiff injured in excess of $5.8 million, and with little choice but to bring this action.

20. Lincoln's continuing, erroneous insistence that the Policies are terminated and were not in force when the insured died constitutes an ongoing failure to comply with its required duties under the Statute and have caused substantial harm to Plaintiff and the other beneficiaries of the Trust, which must be remedied by Lincoln paying the death benefits as required upon the death of the insured of these in force Policies.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

21. Plaintiff refers to all preceding paragraphs and incorporates them as if set forth in full in this cause of action.

22. Lincoln issued the Policies on or around September 30, 2005, which designated $10 million in death benefits recoverable by Plaintiff upon the death of the insured, Mrs. Rose Kasirer.

23. Up until 2014, Plaintiff made regular premiums, funded by her family, to Lincoln in excess of $400,000 annually to keep the Policies current. After Plaintiff sold its Policies, the new Owner continued premium payments up until 2020 when Lincoln asserted that the Policies had lapsed for lack of premium payments and purportedly terminated the contracts without any prior notice by Lincoln to Plaintiff.

151789753

24. Lincoln breached its statutory obligation to Plaintiff—incorporated into the Policies, which designated Plaintiff as irrevocable beneficiary—by failing to give proper notice of the pending policy lapses and terminations according to the insurance code requirements set forth in the Statute.

25. Due to Lincoln's failure to give the statutorily required notice, Lincoln's purported termination of the Policies were not effective and the Policies and their death benefit coverages were in force and valid upon the death of Mrs. Kasirer.

26. However, since Mrs. Kasirer's passing in May 2021, Lincoln has breached its contract by failing to distribute to Plaintiff the promised death benefits of $5.8 million upon the death of the insured. (Exs. A & B, Payment of Proceeds at p. 21.) This is the most basic term and the essence of the contract, as described on both the first and last pages of the Policies ("Flexible Premium Adjustable Life Insurance Policy—Non-Participating. Death Benefit payable in the event of death of the Insured.") (Exs. A & B, at p. 1, 41.)

27. Plaintiff attempted to file a claim for each of the Policies, but Lincoln refused to allow her to do so, purportedly because its records showed the Policies were inactive. To date, Lincoln has failed to distribute any benefits due and owed to Plaintiff upon life insurance contracts that were legally in force on the date of the insured's death.

28. Despite taking out the Policies, paying millions of dollars in policy premiums, and exercising its lawful property rights by selling its ownership in return for consideration—an irrevocable beneficiary designation which Lincoln confirmed in writing—Plaintiff has been left with nothing after the insured died, despite the Policies being legally in force on the day that Mrs. Kasirer passed away. Lincoln failed to exercise its contractual obligations, including the payment of death benefits to the recorded beneficiaries upon the death of the insured. This obligation in the Policies remains valid and fully binding upon Lincoln as to the Policies' irrevocable beneficiary, Plaintiff.

151789753

29. Because of Lincoln's refusal to pay, Plaintiff has been damaged in excess of $5.8 million.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Duty of Good Faith and Fair Dealing)

30. Plaintiff refers to all preceding paragraphs and incorporates them as if set forth in full in this cause of action.

31. In every insurance policy, including the Policies here, there exists an implied duty of good faith and fair dealing that the insurance company will not do anything to injure the right of beneficiaries to receive the full benefit of the policy. Lincoln breached its duty of good faith and fair dealing owed to Plaintiff in the following ways:

    a. Failing to abide by California Insurance Code section 10113.71;

    b. Failing to provide Plaintiff with any opportunity to cure the purported basis for the pending lapse and the payment of the death benefits Plaintiff is entitled to receive.

32. Lincoln breached its duty of good faith and fair dealing by failing to exercise its discretion under the Policies in an equitable manner. Rather than provide the Plaintiff with the necessary notice and opportunity to ensure premium payments on the Policies, Lincoln failed to communicate the legally required notices to Plaintiff regarding any pending lapse of the Policies as is required under the Statute.

33. Instead, Lincoln has taken the position that it properly terminated the Policies and has no legal responsibility for payment of the Policies' stipulated death benefits following the death of Mrs. Kasirer eight months ago.

34. Lincoln's failure to recognize its obligations under the Statute since August 2021—when the Supreme Court of California unequivocally held that the requirements of the Statute apply to all inforce policies regardless of whether issued before or after the Statute's enactment—is particularly troubling. *See McHugh v. Protective Life Ins. Co.*, 494 P.3d 24 (Cal. 2021). Lincoln, one of the largest life

insurers doing business in the largest state in the country, should be expected to exercise the most full care and deference to the consumer protection laws of California, as interpreted in landmark cases by its Supreme Court. Lincoln fails to do this when it attempts to terminate a life policy and strip beneficiaries of death benefit protection created by premium payments, in this case totaling more than $6,800,000, all without the legally required notice.

35. As a proximate result of the aforementioned unreasonable conduct of Lincoln, the Plaintiff suffered and will continue to suffer damages. Plaintiff, as Trustee, has the right to recover these damages on behalf of the Trust.

36. As a further proximate result of the unreasonable conduct of Lincoln, Plaintiff had to engage legal counsel to assess its rights and to now institute litigation to obtain the full and fair benefit of the Policies purchased. Plaintiff would have not incurred these costs if Lincoln exercised its duties in good faith and as required under the Statute.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages according to proof at trial;
2. Consequential damages;
3. Punitive damages;
4. Statutory damages; and for
5. All such other, further and different relief as the Court may deem just and proper.

Dated:  February 1, 2022

**KATTEN MUCHIN ROSENMAN LLP**
Nat Shapo
Xitlaly Estrada

By:/s/ Xitlaly Estrada
    Xitlaly Estrada
Attorneys for Plaintiff Gabriella R. Goldner as trustee of the Gabriella R. Goldner Trust Created Under Rose Kasirer Insurance Trust DTD 9-30-05

151789753

10

151789753

# DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

Dated: February 1, 2022

**KATTEN MUCHIN ROSENMAN LLP**
Nat Shapo
Xitlaly Estrada


By: /s/Xitlaly Estrada
    Xitlaly Estrada
Attorneys for Plaintiff Gabriella R. Goldner as trustee of Gabriella R. Goldner Trust Created Under Rose Kasirer Insurance Trust DTD 9-30-05

11

151789753